**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DARRINGTON R. CHATMAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 2:26-cv-03492-STA-tmp** |
| | ) | |
| **OFFICER S. CROSS, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(1)-(2) OR PAY THE $405 CIVIL FILING FEE**

On November 2, 2026, Plaintiff Darrington R. Chatman, Tennessee Department of Correction Prisoner number 504775, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1-2.)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), requires a prisoner bringing a civil action to pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments, *see* 28 U.S.C. § 1915(b)(2); *see also Bruce v. Samuels*, 577 U.S. 82, 84-85 (2016) (addressing payment of fees under 28 U.S.C.

[1] The civil filing fee is $350. § 1914(a). The Schedule of Fees requires an additional administrative fee of $55 for filing any civil case. Local Fees | Western District of Tennessee | United States District Court (uscourts.gov) (last accessed Nov. 5. 2026). The additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

§ 1915(b)(1)). To take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1)-(2).

Plaintiff's *in forma pauperis* affidavit is not accompanied by a certified copy of his trust account statement for the last six months immediately preceding the filing of the complaint. (*See* ECF No. 2-1.) Plaintiff's attached trust account statement shows balances from 2024 and 2025. (*Id.*)

Plaintiff is **ORDERED** to submit, within 30 days after the date of this order, the entire $405 civil filing fee or a trust account statement for the last six months immediately preceding the filing of the complaint. Plaintiff does not need to submit another *in forma pauperis* affidavit.

If Plaintiff needs additional time to pay the filing fee or file the required document(s), Plaintiff may request one 30-day extension of time from the Court. *See McGore,* 114 F.3d at 605. If Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $405 filing fee from Plaintiff's trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b). *See id.*

Plaintiff is **ORDERED** to notify the Court immediately, in writing, of any change of address. If Plaintiff fails to abide by this requirement or any other requirement of this order, the

Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 5, 2026